**UNITED STATES of America, Plaintiff,**

v.

**Ethel MEYER, individually and as Executrix of the Estate of Peter Meyer, Deceased, Defendant.**

United States District Court
S. D. New York.
Jan. 12, 1962.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for plaintiff, Eugene R. Anderson, Asst. U. S. Atty., New York City, of counsel.

R. Gettinger & M. Gettinger, New York City, for defendant.

PALMIERI, District Judge.

The United States has moved for summary judgment in an action by it against Ethel Meyer, individually and as executrix of her husband's estate, for $6,159.-09, plus interest. This amount is due on taxes assessed against Peter Meyer for the years 1945 and 1946. Notice of the tax assessments was given and demand made in 1946 and 1947 respectively, thereby giving rise to a "lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to" the decedent. 26 U.S.C. § 6321.

The Government seeks to recover the money owed it out of insurance proceeds received by Ethel Meyer as the beneficiary of several policies on the life of Peter Meyer. The policies had a face value of $50,000 and a cash surrender value of $27,285.87. The policies permitted decedent to change the beneficiary and to demand the cash surrender value. In 1943, prior to the tax assessments, the insured had pledged and assigned the policies to the Huntington National Bank of Columbus, Ohio, as security for a loan of $26,844.66. Under the terms of the assignment, the bank was given the right to satisfy its claim out of the net proceeds of the policy when it became a claim by death. Upon the death of Peter Meyer the bank was paid $26,844.66 and the remainder of the proceeds were paid to Ethel Meyer.

In United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958), the Supreme Court held that if the cash surrender value of a life insurance policy is property under the applicable state law it is property under 26 U.S.C. § 6321, and a federal tax lien attaches to it and continues to exist after the taxpayer's death. The defendant does not contest her deceased husband's tax liability nor does she dispute that a federal tax lien may attach to the cash surrender value of life insurance policies. She contends, however, that the debt to the bank was paid out of the cash surrender value, leaving the difference between the cash surrender value of the policy and the amount paid to the bank, $441.21, for enforcement of the Government's lien. This contention is directly contrary to this Circuit's holding in United States v. Behrens, 230 F.2d 504 (2d Cir. 1956).

The defendant in Behrens was the beneficiary of a number of insurance policies on the life of her husband which had a cash surrender value of $22,000 and a face value of $59,000. The policies had been pledged to a bank for a loan of $17,000 which defendant was obliged to pay. Judge Learned Hand denied her contention that she was entitled to deduct this amount from the cash surrender value and permitted plaintiff to enforce

its tax lien against the full amount of the cash surrender value, saying:

"The tax lien * * * did not indeed have priority over the pledge; but the 'proceeds' were large enough to pay both claims, and it is well settled law that, when one creditor has a claim against two funds as security and another creditor has a claim against only one of them, the loan of the first will be marshalled against that fund which is security for his loan only." (p. 507).

 Applying this rule to the instant case, it follows that the Government is entitled to enforce its tax lien against the full amount of the cash surrender value notwithstanding payment to the bank of the loan for which the policies were assigned and pledged.

Plaintiff's motion for summary judgment is granted. Submit order on notice.