**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**Ethel MEYER, individually, and as Executrix of the Estate of Peter Meyer, Deceased, Defendant-Appellant.**

**No. 19, Docket 27477.**

Jacques R. Welden, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, HAMLIN and BROWNING, Circuit Judges.

United States Court of Appeals Second Circuit.

Argued Oct. 15, 1962.

Decided Oct. 24, 1962.

**132**

Eugene R. Anderson, Asst. U. S. Atty., New York City (Vincent L. Broderick, U. S. Atty., for the Southern District of New York, Robert Arum, Asst. U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Samuel W. Sherman of R. Gettinger & M. Gettinger, New York City, for defendant-appellant.

Before WATERMAN, HAYS and MARSHALL, Circuit Judges.

PER CURIAM.

The decedent pledged life insurance policies to a bank as collateral security for a loan. Thereafter he was assessed certain deficiencies in payment of income tax. At the time of his death both the loan and the assessments remained unpaid. Payment of the loan exhausted the cash surrender value of the policies except for an amount too small to pay the deficiency assessments. The Government seeks to recover the tax liabilities from the proceeds of the insurance policies.

As the District Court held, D.C., 202 F.Supp. 606, this case is controlled by United States v. Behrens, 230 F.2d 504 (2d Cir. 1956), cert. denied, 351 U.S. 919, 76 S.Ct. 709, 100 L.Ed. 1451, which held that

"when one creditor has a claim against two funds as security and another creditor has a claim against only one of them, the loan of the first will be marshalled against that fund which is security for his loan only." (230 F.2d p. 507).

Appellant attempts to distinguish the Behrens case on the ground that in that case the government's assessment was made prior to the taxpayer's pledge of the policies, whereas here the pledge preceded the assessment. Appellant argues that the lien could attach only to the excess of the surrender value over the amount of the loan. But in Behrens, the "tax lien, not being filed, did not indeed have priority over the pledge." (230 F.2d p. 507). In the present case by reason of the prior pledge of the policies to the bank the government's tax lien was secondary, but it was not nugatory, and the proceeds passed to appellant subject to both claims at the taxpayer's death. Whatever the value of the tax lien during the taxpayer's lifetime, it could be fully satisfied out of that portion of the proceeds representing the former cash surrender value by marshalling the bank's prior claim against the balance of the proceeds at his death.

Judgment affirmed.